UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSHUA SMITH and<br>MONICA POLCHES,<br><br>     Plaintiff<br><br>v.<br><br>TOWN OF MACHIAS,<br>MACHIAS POLICE DEPARTMENT<br>CHIEF GRADY DWELLEY,<br>SERGEANT WADE WALKER and<br>OFFICER WILLIAM SCULL<br><br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MACHIAS DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
AND JURY TRIAL DEMAND**

NOW COME Defendants, Town of Machias, Machias Police Department, Chief Grady Dwelley and Sergeant Wade Walker (hereinafter "Machias Defendants"), by and through undersigned counsel, and answer Plaintiff's Complaint as follows:

**PARTIES AND VENUE**

1. Machias Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, deny the same.

2. Machias Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, deny the same.

3. Machias Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Machias Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Machias Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Machias Defendants admit the allegation contained in paragraph 6 of the Complaint.

7. Machias Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains no allegation of fact against Machias Defendants and no response is required.

## FACTS

9. Machias Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, deny the same. As to the allegation that Mr. Smith was asked to leave and he complied, Machias Defendants deny this allegation.

10. Machias Defendants admit that on August 6, 2015, Officer William Scull was working and was employed by the Machias Police Department. Machias Defendants also admit that Sergeant Walker and Chief Dwelley are supervisors but deny that they were directly supervising Scull at the time.

11. Machias Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, deny the same.

12. The police report speaks for itself. As to the remainder of paragraph 12, Machias Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and, therefore, deny the same.

13. The police report speaks for itself. As to the remainder of paragraph 12, Machias Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint and, therefore, deny the same.

14. Machias Defendants admit the allegations contained in the first two sentences of paragraph 14 of the Complaint but deny the remaining allegations in paragraph 14 of the Complaint.

15. Machias Defendants admit the allegation contained in the first two sentences of paragraph 15 of the Complaint and are without sufficient knowledge or information to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 15 of the Complaint. Machias Defendants deny that all events described in the Complaint were captured video recording.

16. Machias Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, deny the same.

17. The police report speaks for itself. As to the remainder of paragraph 17, Machias Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and, therefore, deny the same.

18. Machias Defendants are without knowledge or information sufficient to form a believe as to the truth that Joshua Smith regained consciousness after being shaken and was lifted to his feet by Officer William Scull and placed in the patrol car and, therefore, deny the

same. Machias Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19. Machias Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. Machias Defendants deny the allegation that Officer Scull refused to get medical assistance for Joshua Smith. Machias Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Smith was released so that Officer Scull would not have to file a report and, therefore, deny the same. Machias Defendants admit that Mr. Smith eventually left the parking lot.

21. Machias Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Machias Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Machias Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Machias Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Machias Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Machias Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Machias Defendants admit that the Town of Machias supervises the Machias Police Department but deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Machias Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Machias Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Machias Defendants admit that Officer Scull was terminated during his probationary period but deny the remaining allegations contained in paragraph 30 of the Complaint.

## COUNT I – MAINE CIVIL RIGHTS ACT – 5 M.R.S.A 4682, et seq.

31. Machias Defendants repeat and reallege their responses contained in paragraphs 1 through 30 herein.

32. The allegations contained in paragraph 32 call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 33 of the Complaint.

## COUNT II – ASSAULT AND BATTERY

34. Machias Defendants repeat and reallege their responses contained in paragraphs 1 through 33 herein.

35. The allegations contained in paragraph 35 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 37 of the Complaint.

## **COUNT III – FALSE ARREST**

38. Machias Defendants repeat and reallege their responses contained in paragraph s1 through 37 herein.

39. The allegations contained in paragraph 39 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Machias Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and, therefore deny the same.

41. Machias Defendants deny that Mr. Smith's arrest was unlawful but admit the remaining allegations contained in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 42 of the Complaint.

## **COUNT IV – FALSE IMPRISONMENT**

43. Machias Defendants repeat and reallege their responses contained in paragraphs 1 through 42 herein.

44. The allegations contained in paragraph 44 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. The allegations contained in paragraph 46 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. The allegations contained in paragraph 47 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Machias Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore deny the same.

## **COUNT V – MALICIOUS PROSECUTION**

49. Machias Defendants repeat and reallege their responses contained in paragraphs 1 through 48 herein.

50. The allegations contained in paragraph 50 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. The allegations contained in paragraph 52 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 52 of the Complaint.

## **COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

53. Machias Defendants repeat and reallege their responses contained in paragraphs 1 through 52 herein.

54. The allegations contained in paragraph 54 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. The allegations contained in paragraph 55 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. The allegations contained in paragraph 56 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. The allegations contained in paragraph 57 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 57 of the Complaint.

## **COUNT VII – VIOLATION OF CIVIL RIGHTS UNDER 42 USC 1983: EXCESSIVE FORCE**

58. Machias Defendants repeat and reallege their responses contained in paragraphs 1 through 57 herein.

59. The allegations contained in paragraph 59 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. The allegations contained in paragraph 60 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. The allegations contained in paragraph 61 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. The allegations contained in paragraph 62 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. The allegations contained in paragraph 63 of the Complaint are not against Machias Defendants and, therefore, no response is required. To the extent an answer is deemed necessary, Machias Defendants deny the allegations contained in paragraph 63 of the Complaint.

### COUNT VIII – VIOLATION OF CIVIL RIGHTS UNDER 42 USC 1983: FAILURE TO PROPERTY SUPRVISE AND/OR TRAIN

64. Machias Defendants repeat and reallege their responses contained in paragraphs 1 through 63 herein.

65. Machias Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Machias Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Machias Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Machias Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Machias Defendants deny the allegations contained in paragraph 69 of the Complaint.

### COUNT IX – LOSS OF CONSORTIUM UNDER 14 M.R.S.A. 302

70. Machias Defendants repeat and reallege their responses contained in paragraphs 1 through 69 herein.

71. Machias Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Machias Defendants deny the allegations contained in paragraph 72 of the Complaint.

### COUNT X – DAMAGES

73. Machias Defendants repeat and reallege their responses contained in paragraphs 1 through 72 herein.

74. Machias Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Machias Defendants deny the allegations contained in paragraph 75 of the Complaint.

WHEREFORE, Machias Defendants respectfully request judgment in their favor on all Counts of Plaintiff's Complaint, plus their costs of suit.

## JURY DEMAND

Machias Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Defendants affirmatively defend by stating that Plaintiff has failed to mitigate his damages.

5. Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

6. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

7.Defendant municipality has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiffs' damages.

8.Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

9.No clearly established rights of Plaintiff were violated by Defendants' actions.

10.Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom.

11.Defendants affirmatively defend by stating that no supervisory liability claim can lie in the absence of a violation of Plaintiffs' rights by Officer Scull that was observed by a supervisory officer who had a reasonable opportunity to intervene and stop such violation but failed to do so.

12.Defendants affirmatively defend by stating that Plaintiff's Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

13.Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

14.Defendants affirmatively defend by stating that any negligence on their part, if any, is less than that of Plaintiff and his recovery is therefore barred by the doctrine of comparative negligence.

15.Defendants affirmatively defend by stating that they were not afforded sufficient service of process.

DATED: August 25, 2017                    */s/ Edward R. Benjamin*
                                                         Edward R. Benjamin, Jr.
                                                         Kasia S. Park

                                                         *Attorneys for Machias Defendants*

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., hereby certify that on **August 25, 2017** I electronically filed the above Defendants' Answer to Plaintiff's Complaint and Jury Trial Demand with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.

                                                                */s/ Edward R. Benjamin*
                                                                Edward R. Benjamin, Jr.
                                                                *Attorney for Machias Defendants*

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com