UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

JOSHUA SMITH and MONICA POLCHES,

    Plaintiffs,

  vs.

TOWN OF MACHIAS, et al.,

    Defendants

Civil No. 17-00320-GZS

**ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND (DEFENDANT WILLIAM SCULL)**

Defendant William Scull, by and through counsel, hereby responds to the Plaintiffs' Complaint as follows:

**PARTIES AND VENUE**

1. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

2. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

3. The Defendant admits the allegations contained in this paragraph of Plaintiffs' Complaint.

4. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

5. The Defendant admits Grady Dwelley was Machias Police Chief during times referenced in the Plaintiffs' Complaint. The Defendant is without sufficient

information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

6. The Defendant admits the allegations contained in this paragraph of Plaintiffs' Complaint.

7. The Defendant admits he was a Machias Police Officer during times referenced in the Plaintiffs' Complaint. The Defendant denies the remaining allegations contained in this paragraph of Plaintiffs' Complaint.

8. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

## FACTS

9. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

10. The Defendant admits the allegations contained in this paragraph of Plaintiffs' Complaint.

11. The Defendant admits the allegations contained in sentences 1, 2 and 4 of this paragraph of Plaintiffs' Complaint. The Defendant denies the remaining allegations contained in this paragraph of Plaintiffs' Complaint.

12. The allegations contained in the first two sentences of this paragraph of the Plaintiffs' Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the

allegations contained in the first two sentences of this paragraph of Plaintiffs' Complaint and, accordingly, denies same. The Defendant denies the remaining allegations contained in this paragraph of Plaintiffs' Complaint.

     13.     The allegations contained in the first three sentences of this paragraph of the Plaintiffs' Complaint purport to characterize the contents of a written document or a video recording that speak for themselves; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first three sentences of this paragraph of Plaintiffs' Complaint and, accordingly, denies same. The Defendant denies the remaining allegations contained in this paragraph of Plaintiffs' Complaint.

     14.     The Defendant admits that he placed the Plaintiff Smith in handcuffs for a period of time for his protection and that of Plaintiff Smith based on Plaintiff's Smith's conduct toward him. Since the allegations are not specific as to time, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same. The allegations contained in this paragraph of Plaintiffs' Complaint suggesting unlawful conduct by the Defendant are denied.

     15.     To the extent the allegations contained in this paragraph of the Plaintiffs' Complaint purport to characterize the contents of a video recording that speaks for itself, no response is required. The Defendant admits that he and Plaintiff Smith went to the ground after Plaintiff Smith attempted to walk away before receiving a no trespass notice. The Defendant denies the characterization of the physical contact set forth in this paragraph of Plaintiffs' Complaint. The Defendant denies the remaining allegations

contained in this paragraph of Plaintiffs' Complaint.

16. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

17. The allegations contained in this paragraph of the Plaintiffs' Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same. The Defendant denies the remaining allegations contained in this paragraph of Plaintiffs' Complaint.

18. The Defendant admits that he assisted Plaintiff Smith off the ground and placed him in a patrol car. The Defendant admits that at some point he placed a telephone call. The Defendant denies the remaining allegations contained in this paragraph of Plaintiffs' Complaint.

19. The Defendant admits the allegations contained in the first sentence of this paragraph of Plaintiffs' Complaint. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the second sentence of this paragraph of Plaintiffs' Complaint and, accordingly, denies same. The Defendant admits the allegations contained in the third sentence of this paragraph of Plaintiffs' Complaint.

20. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

21. The Defendant admits that the Plaintiff returned to the Irving Station. The

Defendant admits that he arrested Plaintiff Smith for disorderly conduct and transported him to the Washington County Jail. The Defendant denies the remaining allegations contained in this paragraph of Plaintiffs' Complaint.

22. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

23. The Defendant denies the allegations contained in the first sentence of this paragraph of Plaintiffs' Complaint. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

24. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

25. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

26. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

27. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

28. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

29. The Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

30.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

## COUNT I – MAINE CIVIL RIGHTS ACT – 5 M.R.S.A. 4682, et seq.

31.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

32.     The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

33.     The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

## COUNT II – ASSAULT AND BATTERY

34.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

35.     The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

36.     The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

37.     The Defendant denies the allegations contained in this paragraph of

Plaintiffs' Complaint.

## COUNT III – FALSE ARREST

38. The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

39. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

40. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

41. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

42. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

## COUNT IV – FALSE IMPRISONMENT

43. The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

44. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

45. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

46. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

47. The Defendant admits that as a result of Plaintiff Smith's actions, Plaintiff Smith was arrested and taken to the Washington County Jail. The Defendant denies that this arrest was unlawful. The Defendant denies the remaining allegations contained in this paragraph of Plaintiffs' Complaint.

48. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

## COUNT V – MALICIOUS PROSECUTION

49. The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

50. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

51. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

52. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

54. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

55. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

56. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

57. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

**COUNT VII – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983; EXCESSIVE FORCE**

58. The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

59. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

60. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

61. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

62. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

63. The Defendant denies the allegations contained in this paragraph of Plaintiffs' Complaint.

**COUNT VIII – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983; FAILURE TO PROPERLY SUPERVISE AND TRAIN**

64. The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

65. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs'

Complaint and, accordingly, denies same.

66. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

67. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

68. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

69. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

**COUNT IX – LOSS OF CONSORTIUM UNDER 14 M.R.S.A. 302**

70. The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

71. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

72. The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly,

denies same.

## COUNT X – DAMAGES

73. The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

74. The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

75. The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

## AFFIRMATIVE DEFENSES

1. The Defendant has at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. The Defendant reserves the right to demonstrate that to the extent that the

Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S.A. § 8111.

6. The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7. To the extent that the Plaintiffs' Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

8. The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

9. The Plaintiff's claims are barred or reduced, in whole or in part, by comparative fault.

10. The Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11. The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents.

12. The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

13. The Plaintiff's claims are barred for the reason that the allegations in the

Complaint allege tort claims and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

16. The Defendant reserves the right to demonstrate that the Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

17. The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

18. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

19. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

20. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate damages.

21. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant William Scull demands judgment in his favor with regard to all claims of the Plaintiffs' Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 10th day of October, 2017.

        Attorneys for Defendant William Scull
        MONAGHAN LEAHY, LLP
        95 Exchange Street, P.O. Box 7046
        Portland, ME 04112-7046
        (207) 774-3906

BY:   /s/ John J. Wall, III
       John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2017, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand (Defendant William Scull)** using the CM/ECF system, which will provide notice to me and the following other counsel of record: jeffreywdavidson@hotmail.com; ebenjamin@dwmlaw.com; kpark@dwnlaw.com.

Dated at Portland, Maine this 10th day of October, 2017.

        Attorneys for Defendant William Scull
        MONAGHAN LEAHY, LLP
        95 Exchange Street, P.O. Box 7046
        Portland, ME 04112-7046
        (207) 774-3906

BY:   /s/ John J. Wall, III
       John J. Wall, III